UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| POP DADDY POPCORN, LLC, a Michigan limited liability company, | Case No. 23-cv-12994<br><br>F. Kay Behm<br>United States District Judge |
| Plaintiff, | |
| v. | |
| UNIFIED FLEX PACKAGING TECHNOLOGIES, LLC, a Delaware limited liability company, and<br>UNIFIED FLEX PACKAGING TECHNOLOGIES, a Canadian federal corporation, | |
| Defendant / Third-Party Plaintiff, | |
| v. | |
| GOLDEN CROWN, INC. a Michigan Corporation, | |
| Third-Party Defendant.<br>_____ / | |

**OPINION AND ORDER ON THIRD-PARTY PLAINTIFF'S
<u>MOTION FOR DEFAULT JUDGMENT (ECF No. 34)</u>**

**I.  PROCEDURAL HISTORY**

This matter is before the court on Defendant/Third-Party Plaintiff

Unified Flex Technologies, LLC and Unified Flex Packaging

1

Technologies' ("Unified Flex") Motion for Default Judgment against Third-Party Defendant Golden Crown, Inc ("Golden Crown"). (ECF No. 34). Unified Flex filed a Third-Party Complaint on August 22, 2024 (ECF No. 24) and properly served the Summons and Complaint upon Golden Crown on October 2, 2024. *See* ECF No. 26.

Fed. R. Civ. P. 12(a)(1) provides that a defendant must provide an answer within twenty-one (21) days of being served with a summons and complaint. Accordingly, Golden Crown was required to file an answer no later than October 23, 2024. On October 22, 2024, Golden Crown submitted a request for an extension of time to file an answer because they had not yet found a lawyer (ECF No. 27), which the court granted (ECF No. 28), and reminded Golden Crown that the failure to find a lawyer to represent it would risk default if it did not answer by November 28, 2024. *See, e.g.*, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993) ("A corporation, partnership, or association may appear in federal courts only through licensed counsel and not through the pro se representation of an officer, agent, or shareholder."). Golden Crown has, except for their request for more time to file an answer, failed to answer, or otherwise respond to

2

the Summons and Complaint. Upon its failure to timely file a responsive pleading, a Request for Entry of Default against Golden Crown was filed on December 23, 2024. *See* ECF No. 31. On December 27, 2024, the Clerk entered default against Golden Crown. *See* ECF No. 32. Plaintiff now files the instant Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) (ECF No. 34).

For the reasons set out below, the court **DENIES** the Motion **WITHOUT PREJUDICE**.

## II. FACTUAL BACKGROUND

Plaintiff Pop Daddy Popcorn LLC, ("Pop Daddy") filed this civil action in the Eastern District of Michigan on November 27, 2023 against Defendants Unified Flex Packaging Technologies, LLC and Unified Flex Packaging Technologies ("Unified Flex"). ECF No. 1. Pop Daddy appears to operate as a subsidiary and/or affiliate of Pop Daddy Snacks, which is a business based in Whitmore Lake, Michigan, that sells gourmet popcorn, chips, and pretzels to a variety of consumers. ECF No. 24, PageID.678. The case was assigned to District Judge George Caram Steeh. This action was pending in that court until August 2024, when this case was reassigned to the undersigned. The

3

Unified Flex Defendants then filed a third-party complaint on August 22, 2024 against Third-Party Defendant Golden Crown, Inc. ("Golden Crown"). ECF No. 24.

The gist of Pop Daddy's complaint is this: Pop Daddy and Unified Flex entered into an agreement to install equipment for Pop Daddy. Pop Daddy paid in full, but the equipment did not work as promised and Unified Flex did not fully provide promised services, so Pop Daddy incurred additional expenses to put the equipment into operation. *See* ECF No. 1, PageID.5, 6. Unified Flex's third-party complaint against Golden Crown states, in essence, that the equipment in question was popcorn manufacturing and packaging equipment. ECF No. 24, PageID.678. The agreement between the parties was also with Golden Crown, the manufacturer of the equipment. *Id.* at PageID.679. Unified Flex was the intermediary retained to facilitate the transaction between Golden Crown and Pop Daddy, and to transport and install the equipment for Pop Daddy. *Id.* That is, instead of paying Golden Crown directly for the equipment, Pop Daddy financed the transaction with a bank, who allegedly paid Unified Flex the full amount of the transaction, who then disbursed the purchase price to Golden Crown,

4

but under the parties' agreement retained a facilitation fee in the amount of 10% of the purchase price ($17,500). *Id.* at PageID.680. Unified Flex also charged Pop Daddy directly for installation fees. *Id.*

Unified Flex alleges that the agreement between the parties created warranties for Unified Flex which indemnify it in this case. ECF No. 24, PageID.681-82. Put simply: Unified Flex's position is that Golden Crown received the purchase price of the equipment and "Golden Crown is liable to Unified Flex for any damages Pop-Daddy is seeking against it in relation to the [e]quipment. [] If the Equipment is faulty, it is because Golden Crown sold Pop-Daddy faulty equipment." *Id.* at PageID.684.

## III.  STANDARD OF REVIEW

"Entry of default and a default judgment are distinct events that require different treatment." *Ramada Franchise Sys. Inc.*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (internal citation omitted). An entry of default is a prerequisite to a default judgment. Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's

5

default." An entry of default "conclusively establishes every factual predicate of a claim for relief." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (citing *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997)). However, entry of a default does not establish damages. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *see also Kelley v. Carr*, 567 F.Supp. 831, 841 (W.D. Mich. 1983) ("A default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages.")

Default judgment is governed by Fed. R. Civ. P. 55(b)(2). On entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of allegations as to the amount of damages. *Thomas*, 489 F.3d at 299; *see also Kelley*, 567 F. Supp. at 840.

## IV. ANALYSIS

Because a default has been entered (ECF No. 32), all of Plaintiff's well-pleaded allegations, except those relating to damages, are deemed admitted. However, "[e]ven after default" the court must still "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." 10A Charles

A. Wright & Arthur R. Miller, *Federal Practice and Procedure Civil* § 2688.1 (4th ed. 2022). Thus, a district court has "a duty to ensure that the allegations in the verified complaint [are] sufficient" before entering judgment. *United States v. $525,695.24*, 869 F.3d 429, 441 (6th Cir. 2017). Under this review, a court should consider whether the complaint could survive a Rule 12(b)(6) motion to dismiss. *Howard v. Dearborn Motors 1, LLC*, No. 17-12724, 2020 U.S. Dist. LEXIS 45175, at *9 (E.D. Mich. Mar. 16, 2020). The facts must be "sufficient to support a finding of liability as to each defendant." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006).

In their motion, Unified Flex has not provided any legal authority to explain why, treating all of Plaintiff's well-pleaded allegations as admitted, they are entitled to judgment as to liability on their theories of indemnification, promissory estoppel, or unjust enrichment. However, even if they had done so, damages could not be determined at this stage. Upon further consideration of Unified Flex's motion, it appears that all of Unified Flex's theories of recovery are dependent on their being found liable in the original suit brought by Pop Daddy against Unified Flex. Put differently: even assuming Golden Crown is

7

liable to Unified Flex, under Unified Flex's theories, Golden Crown is only liable if Unified Flex is eventually liable in turn to Pop Daddy. Therefore, the court finds that a final default judgment and determination of damages should await adjudication of Unified Flex's liability on Pop Daddy's claims. Unified Flex's allegations against Golden Crown as to the content of the contract between all three parties makes any determination of damages, the content and/or validity of the contract, or a final judgment inappropriate at this stage. *See, e.g.*, *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474 (6th Cir. 1988) (Where there is a risk of inconsistency between a default judgment as to one defendant and a judgment on the merits against another defendant in a multi-defendant case, "the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants.") (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

V.   **CONCLUSION**

Therefore, the court **DENIES** Plaintiff's Motion for Default Judgment (ECF No. 34) **WITHOUT PREJUDICE**. The hearing currently set for March 26, 2025 is cancelled. The court will instead

8

reschedule the status conference with the parties, currently set for April 17, 2025, for March 26, 2025 at 10:00am.  Third-Party Plaintiff Unified Flex may refile their motion, with additional supporting legal authority for their theories of recovery based on the facts deemed admitted or otherwise established in this litigation, at a later stage of the case.

**SO ORDERED**.

Date: March 18, 2025                                         s/F. Kay Behm
                                                            F. Kay Behm
                                                            United States District Judge